**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JARON MIRLANDE,

     Petitioner,

v.

                               Case No. 2:26-cv-02241-MIS-JFR

WARDEN, Otero County Processing Center;
MARY DE ANDA-YBARRA, in her official
capacity as El Paso Field Office Director,
U.S. Immigration and Customs Enforcement;
TODD BLANCHE, in his official capacity as
Acting Attorney General of the United States;
DAVID VENTURELLA, in his official
capacity as Acting Director of U.S.
Immigration and Customs Enforcement; and
MARKWAYNE MULLIN, in his official
capacity as Secretary of the U.S. Department
of Homeland Security,

     Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

**THIS MATTER** is before the Court on Petitioner Jaron Mirlande's Petition for Writ of

Habeas Corpus ("Petition"), ECF No. 1, filed July 10, 2026. The Court issued the applicable Order

to Show Cause ("Order"), ECF No. 4, on July 13, 2026, in which Respondents were instructed

they had 10 business days to Show Cause as to why Petitioner's request for relief should not be

granted.

On July 27, 2026, the Federal Respondents, Mary De Anda-Ybarra, Todd Blanche, David

Venturella, and Markwayne Mullin, filed a Response ("Response"), ECF No. 6. Therein, counsel

for Respondents argue that 8 U.S.C. §1225(b) should govern detention of individuals such as

Petitioner; however, Respondents concede that the Tenth Circuit recently reached the opposite

conclusion in <u>Santillan Quiroz v. Mullin</u>, No. 26-6019, 2026 WL 1876709, (10th Cir. June 30, 2026), and that ruling is binding on this Court. Resp. at 1-2. Further, Respondents also concede that the facts at issue in the instant case are "not materially distinguishable from" <u>Santillan Quiroz</u>, <u>id.</u> at 2, and also acknowledge that Petitioner has two U.S. citizen children — including one who served in the United States Marine Corps — and was granted "parole in place" by an immigration judge last month. <u>Id.</u> However, because Respondents sought to appeal that immigration judge's decision, Petitioner remains detained and has now been in Respondent's custody for more than seven months. <u>Id.</u> at 1-2.

Pursuant to <u>Santillan Quiroz</u>, the Court finds that 8 U.S.C. § 1226(a) governs Petitioner's detention, her continued detention violates her Fifth Amendment right to due process, and, as such, she is entitled to habeas relief.  The Court, noting that Petitioner has been detained for seven months and an immigration judge previously granted her parole in place, further finds that Respondents have failed to articulate a legitimate interest in Petitioner's continued detention and therefore orders her immediate release. The Court further orders that Petitioner shall not be re-detained without a pre-deprivation bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk.

Accordingly, it is **HEREBY ORDERED** that:

1. Petitioner Jaron Mirlande's Petition for a Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;

2. Respondents are **ORDERED** to immediately release Petitioner from detention;

3. Respondents **SHALL NOT** re-detain Petitioner without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a); and

4.   The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE